TOMÁS ROVIRA CAMPILLO, como cesionario del BANCO MASÓNICO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ DOLORES CRUZ y MANUELA P. DE CRUZ, demandados, e ISABEL AGOSTINI, fiadora y apelante.

No. 5266.—*Sometido:* Marzo 11, 1931.  *Resuelto:* Marzo 20, 1931.

*José Soto Rivera,* abogado de la apelante; *E. Campillo,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En una acción instituída por el Banco Masónico de Puerto Rico, los demandados obtuvieron el levantamiento de un embargo mediante la prestación de una fianza con fiadores. Después de obtener sentencia, el banco cedió todos sus de-

rechos en el litigio a Tomás Rovira Campillo y solicitó que se substituyera a éste como demandante. Con posterioridad a tal substitución, se libró un mandamiento de ejecución que fué devuelto sin cumplimentar. Los fiadores en la fianza prestada para el levantamiento del embargo fueron entonces notificados de una orden para mostrar causa por la cual no debía decretarse la confiscación de la misma. Uno de los fiadores, Isabel Agostini, compareció y contestó: que el contrato por ella celebrado era exclusivamente con el banco; que no tenía conocimiento previo de la cesión; que no podía cederse la fianza; que la cesión la había relevado de responsabilidad, y que ella no tenía obligación alguna para con el cesionario. Ella levanta ahora las mismas cuestiones en la apelación interpuesta contra una sentencia adversa.

La fianza fué prestada a favor del "aquí demandante, Banco Masónico de Puerto Rico." Se sujetó a la condición de que el demandante obtuviera sentencia a su favor. Al dictarse tal sentencia la responsabilidad de los aseguradores quedó fijada. Ellos sabían que la sentencia, al obtenerse, podía ser cedida. Sabían que al transferirse la misma el cesionario se subrogaría en "todos los derechos, interés y autoridad del cedente." 34 C. J. 650, sec. 999; Código Civil sec. 1431.

A falta de estipulación en sentido contrario no hay motivo por el cual una fianza prestada a favor del demandante, no deba considerarse como que puede cederse. La cesión por el demandante de todos sus derechos en la acción incluyó el derecho de confiscar la fianza prestada para levantar el embargo. La subrogación del cesionario en el derecho de confiscación del demandante, no efectuó ningún cambio material en el contrato celebrado por los aseguradores.

*Debe confirmarse la sentencia apelada.*